**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WALTER CUMMINGS,

    Petitioner,

  v.                                             Case No. 17-10523

SHERMAN CAMPBELL,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Walter Cummings, ("Petitioner"), incarcerated at the Carson City Correctional Facility in Carson City, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his sentence for four counts of armed robbery, Mich. Comp. Laws § 750.529, and one count of felony-firearm, Mich. Comp. Laws § 750.227(b). For the reasons that follow, the court will summarily deny the petition.

**I. BACKGROUND**

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. Petitioner was sentenced to concurrent terms of two hundred and eighty-five months to sixty years on the armed robbery convictions and received a consecutive two-year sentence on the felony-firearm conviction.

Direct review of Petitioner's conviction ended in the Michigan courts on March 29, 1995, when the Michigan Supreme Court denied Petitioner leave to appeal following

the affirmance of his conviction on his direct appeal by the Michigan Court of Appeals. *People v. Cummings*, 693 N.W.2d 818 (Mich. 1995). Petitioner later filed a post-conviction motion for relief from judgment, which was denied. *People v. Cummings,* No. 01-012985-FC (Wayne Cty. Cir. Ct. Jan. 12, 2016).   The Michigan appellate courts denied leave to appeal. *People v. Cummings,* No. 332981 (Mich. Ct. App. Aug. 22, 2016); *lv. den.* 889 N.W. 2d 252 (Mich. 2017).

Petitioner now seeks a writ of habeas corpus on the following ground:

> Contrary to the Michigan Supreme Court in applying a procedural bar of MCR 6.508(D), the Michigan Supreme Court employed an irrebutable (sic) presumption that Petitioner['s] constitutional claim can be denied by forfeiture that caused a fundamental miscarriage of justice, thus denied (sic) the due process of law.

(Dkt. # 1, Pg. ID 3-4.)

## II.  STANDARD

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court

2

has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair[-]minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See, e.g.*, *Edwards v. Johns*, 450 F.Supp.2d 755, 756 (E.D. Mich. 2006) (Gadola, J.); *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (Borman, J.). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *See McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini*, 424 F.3d 134, 140 (6th Cir. 1970). A district court therefore

has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that Petitioner's claim does not entitle him to habeas relief, such that the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp.2d 498, 499 (E.D. Mich. 2004).

### III.  DISCUSSION

Petitioner claims that the trial judge violated his Sixth Amendment right to trial by jury by using factors that had not been proven beyond a reasonable doubt or admitted to by Petitioner in scoring the sentencing guidelines range for the armed robbery convictions. Petitioner further argues that the state courts erred in applying the procedural bar contained in Michigan Court Rule 6.508(D) to deny him post-conviction relief on his sentencing claim.

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Tironi v. Birkett*, 252 Fed. App'x. 724, 725 (6th Cir. 2007)*; Howard v. White,* 76 Fed. App'x. 52, 53 (6th Cir. 2003). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). Petitioner had "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See*

4

*Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). Petitioner thus "had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp.2d 474, 485 (E.D. Mich. 2004). To the extent Petitioner asserts a violation of the Michigan Constitution or Michigan Court Rules, or alleges an error of state sentencing law, his claim is not cognizable on federal habeas review. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Any error by the trial court in calculating his guideline score would not merit habeas relief. *See Doyle*, 347 F. Supp.2d at 485.

Petitioner argues that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by Petitioner when scoring these guidelines variables under the Michigan Sentencing Guidelines.[1]

On June 17, 2013, the United States Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). *Alleyne* is an extension of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), in which the U.S. Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the

---

[1] Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 666 N.W.2d 231, 237, n.7 (Mich. 2003) (citing Mich. Comp. Laws § 769.34(2)). The maximum sentence is not determined by the trial judge but is set by law. See *People v. Claypool,* 684 N.W. 2d 278, 286, n. 14 (Mich. 2004) (citing Mich. Comp. Laws § 769.8).

offense must be submitted to the jury and proven beyond a reasonable doubt. In reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), in which the Supreme Court had held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt to a factfinder. *Alleyne,* 133 S. Ct. at 2157-58. The Supreme Court, however, indicated that its decision did not mean that every fact influencing judicial discretion in sentencing must be proven to a jury beyond a reasonable doubt. *Id.* at 2163.

At the time of Petitioner's conviction and sentence, *Harris* was good law. In addition, *Alleyne* has not been made retroactive to cases on collateral review. *See In re Mazzio*, 756 F.3d 487, 489-90 (6th Cir. 2014). Although the Michigan Supreme Court recently relied on *Alleyne* to hold that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial, *See People v. Lockridge,* 870 N.W.2d 502 (Mich. 2015), a federal district court may only grant habeas relief if it finds that the state court's decision was "'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the *Supreme Court of the United States*' or 'was based on an unreasonable determination of the facts in light of the evidence that was presented in the State court proceeding.'" *Peak v. Webb*, 673 F.3d 465, 472 (6th Cir. 2012) (quoting 28 U.S.C. § 2254(d)) (emphasis added). In addition, "[t]he law in question must have been clearly established at the time the state-court decision became final, not after." *Id.* (citing *Williams v. Taylor*, 529 U.S. at 380). Because the Supreme Court at the time of Petitioner's conviction did not require that facts which increase a criminal defendant's minimum sentence be proven beyond a

6

reasonable doubt, Petitioner is not entitled to habeas relief on his claim. *See also Gibson v. Tribley*, 2013 WL 3353905, at * 8 (E.D. Mich. July 3, 2013) (Tarnow, J.).

*Alleyne* is also inapplicable to Petitioner's case, because the Supreme Court's holding in "*Alleyne* dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range," which is what happened to Petitioner in this case. *See United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014); *see also United States v. James*, 575 Fed. App'x. 588, 595 (6th Cir. 2014) (collecting cases and noting that at least four post-*Alleyne* unanimous panels of the Sixth Circuit have "taken for granted that the rule of *Alleyne* applies only to mandatory minimum sentences."); *Saccoccia v. Farley*, 573 Fed. App'x. 483, 485 (6th Cir. 2014) ("But *Alleyne* held only that 'facts that increase a mandatory statutory minimum [are] part of the substantive offense.' . . . It said nothing about guidelines sentencing factors[.]").  The Sixth Circuit, albeit in an unreported case, has ruled that *Alleyne* did not decide the question whether judicial fact-finding under Michigan's indeterminate sentencing scheme violates the Sixth Amendment. *See Kittka v. Franks*, 539 Fed. App'x. 668, 673 (6th Cir. 2013).

Although the Michigan Supreme Court in *People v. Lockridge* held that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial, Petitioner cannot rely on *Lockridge* to obtain relief with this Court.  The AEDPA standard of review found in 28 U.S.C. § 2254 (d)(1) prohibits the use of lower court decisions in determining whether the state court decision is contrary to, or an unreasonable application of, clearly established federal law. *See Miller v. Straub,* 299 F. 3d 570, 578-579 (6th Cir. 2002).  "The Michigan Supreme Court's decision in

7

*Lockridge* does not render the result 'clearly established' for purposes of habeas review." *Haller v. Campbell*, 2016 WL 1068744, at * 5 (W.D. Mich. Mar. 18, 2016).  In light of the fact that the Sixth Circuit has ruled that *Alleyne* does not apply to sentencing guidelines factors, reasonable jurists at a minimum could disagree about whether *Alleyne* applies to the calculation of Michigan's minimum sentencing guidelines. *Id.* at * 6.  "*Alleyne* therefore did not clearly establish the unconstitutionality of the Michigan sentencing scheme and cannot form the basis for habeas corpus relief." *Id.; See also Perez v. Rivard*, 2015 WL 3620426, at * 12 (E.D. Mich. June 9, 2015) (Battani, J.) (petitioner not entitled to habeas relief on claim that his sentencing guidelines scored in violation of *Alleyne*).  Petitioner is not entitled to relief on his sentencing claim.

Petitioner's related claim that the Michigan courts wrongfully denied him post-conviction relief on his sentencing claim is non-cognizable.  "[T]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007). Thus, a federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *See Greer v. Mitchell,* 264 F. 3d 663, 681 (6th Cir. 2001).  This is because states have no constitutional obligation to provide post-conviction remedies. *Id.* (citing to *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987)). Challenges to state collateral post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254," because "'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'"

*Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not 'result [in] . . . release or a reduction in . . . time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention.'" *Cress,* 484 F.3d at 853 (quoting *Kirby*, 794 F. 2d at 247). The "'scope of the writ'" does not encompass a "'second tier of complaints about deficiencies in state post-conviction proceedings.'" *Id.* (quoting *Kirby*, 794 F.2d at 248).

### A certificate of appealability.

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Having considered the matter, the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claim. The court will deny Petitioner a certificate of appealability.

The standard for granting an application for leave to proceed *in forma pauperis* is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F. Supp.2d 750, 764 (E.D. Mich. 2002) (Rosen, J.). Whereas a certificate of appealability may only be granted if petitioner makes a substantial

9

showing of the denial of a constitutional right, a court may grant leave to proceed *in forma pauperis* if it finds that an appeal is being taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R.App. P. 24(a); *Foster*, 208 F.Supp.2d at 764-65. "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Id.* at 765. Although this is a decidedly lower standard, the court will nonetheless deny leave to proceed *in forma pauperis* on appeal because appeal would be frivolous for the reasons stated above.

## IV. CONCLUSION

IT IS ORDERED that Petitioner Walter Cummings' petition for writ of habeas corpus (Dkt. # 1) is SUMMARILY DENIED.

IT IS FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED.

The court DECLINES to issue a certificate of appealability.

                                            s/Robert H. Cleland            /
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated: March 13, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 13, 2017, by electronic and/or ordinary mail.

                                            s/Shawna C. Burns            /
                                            Case Manager Generalist
                                            (810) 292-6522

S:\Cleland\TLH\Habeas\17-10523.CUMMINGS.habeas.2254.TLH.docx